IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORDAN C. KEMPER,

                Plaintiff,

v.                                                                                                OPINION and ORDER

DIXIE MATTISON, LIZZIE TEGELS, and SCOTT                      24-cv-866-jdp
CARSTENS,

                Defendants.

---

Plaintiff Jordan C. Kemper, proceeding without counsel, alleges that defendants, employees of Jackson Correctional Institution (JCI), retaliated against him based on statements he made about correctional staff. Kemper proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Kemper's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because it fails to state a claim for which I could grant relief, but I will allow Kemper to amend the complaint to fix the problems with his First Amendment retaliation claim.

ALLEGATIONS OF FACT

On December 7, 2022, Kemper received a conduct report based on allegations that he called defendant Mattison names. A short while later, Mattison entered Kemper's cell to retrieve his property. When Kemper got his property back, he noticed broken and missing items. Kemper filed an inmate complaint and he was reimbursed for a missing item.

On January 8, 2023, defendant Carstens gave Kemper a conduct report after he heard about the allegation that Kemper had called defendant Mattison names a month earlier. The conduct report was dismissed on appeal. Even after the appeal defendants kept Kemper in segregation. Over the next few months, defendants subjected Kemper to unnecessary room searches, pat downs, and aggressive behavior.

On April 3, 2023, Mattison gave Kemper a conduct report for serious disruptive behavior based on his telephone conversation with a nonprisoner. Mattison based the conduct report at least in part on the allegation that Kemper was saying negative things about her during the call, and she also mentioned that he had called her names in the past.

ANALYSIS

Kemper brings First Amendment claims based on retaliation and the denial of free speech, but I will treat them as a single claim because they arise from the same basic allegation.

Kemper seeks damages along with declaratory and injunctive relief. I will not allow Kemper to proceed on his requests for declaratory and injunctive relief because he's no longer incarcerated at JCI. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). I will not allow Kemper to proceed on a claim under Wisconsin law because he only vaguely refers to state law and his allegations don't suggest any particular state-law claim. I will analyze the First Amendment claim for damages.

To state a retaliation claim, Kemper must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546

2

(7th Cir. 2009). The basic rule is that the First Amendment protects a prisoner's right to file grievances, orally complain about possible civil rights violations, and pursue nonfrivolous civil rights lawsuits. *See id.* at 551; *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). To be protected, the prisoner's speech must be "consistent with legitimate penological interests." *Whitfield v. Spiller*, 76 F.4th 698, 708 (7th Cir. 2023).

I will not allow Kemper to proceed on this claim against Mattison based on the allegation that she deprived him of his property. Kemper hasn't described any protected activity that caused Mattison to take this action. I don't take Kemper to allege that the First Amendment protected his right to call Mattison names; he seems to dispute that he committed that behavior. In any case, the First Amendment wouldn't protect that activity because calling a correctional officer names is inconsistent with the penological interests of discipline, order, and safety.

I will not allow Kemper to proceed on this claim against Carstens based on the allegation that Carstens gave him a conduct report in January 2023. Kemper hasn't alleged what protected activity caused Carstens to issue the conduct report. Kemper alleges that Carstens issued the conduct report after learning that he had allegedly called Mattison names a month earlier. But that allegation doesn't describe any protected activity. And just because a conduct report was dismissed on appeal doesn't mean that it was retaliatory.

I will not allow Kemper to proceed on this claim based on the allegations that, after his successful appeal of Carsten's conduct report, defendants: (1) kept him in segregation; and (2) subjected him to unnecessary room searches, pat downs, and aggressive behavior. Kemper's description of these retaliatory actions is vague. It's unclear how long Kemper was kept in

segregation after the appeal's dismissal, or what the unnecessary room searches, pat downs, and aggressive behavior involved. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Furthermore, it's implausible that each defendant participated in every one of these retaliatory actions. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed.").

I will not allow Kemper to proceed on this claim against Mattison based on the allegation that she gave him a conduct report for statements he made while talking to a nonprisoner on the telephone. Kemper alleges that Mattison based the conduct report based on her impression that he was saying negative things about her during the call, and had previously called her names. This allegation doesn't support a plausible inference that Kemper's communications with the nonprisoner were protected. Kemper has a basic First Amendment right to communicate with people outside prison, but his bare allegations don't support a plausible inference that his communications were consistent with penological interests.

I will allow Kemper to file an amended complaint that fixes the above problems with his retaliation claim for damages. In drafting his amended complaint, Kemper should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Kemper must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

4

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Kemper believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Jordan C. Kemper's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until April 24, 2025, to submit an amended complaint that fixes the problems with his First Amendment retaliation claim for damages.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of this order.

Entered March 25, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge