IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORDAN C. KEMPER,

                Plaintiff,

  v.

DIXIE MATTISON and SCOTT CARSTENS,

                Defendants.

OPINION and ORDER

24-cv-866-jdp

---

Plaintiff Jordan C. Kemper is currently incarcerated at Wisconsin Secure Program Facility (WSPF), and he has notified the court that he will be released on January 27, 2026. Kemper is proceeding on a First Amendment retaliation claim for damages based on allegations that defendants retaliated against him because he filed successful grievances. Dkt. 14. The events underlying Kemper's claim occurred at Jackon Correctional Institution.

Defendants seek partial summary judgment, contending that Kemper failed to exhaust administrative remedies. Dkt. 30. Kemper's response to the exhaustion motion is due January 12, 2026.

Kemper has filed a letter in which he raises several matters. Dkt. 33. Kemper says that he did not receive the exhaustion motion and supporting materials, and that defendants are in possession of documents that Kemper needs to proceed in this case. Kemper also asks the court to stay the case upon his release so that he can obtain a lawyer. Alternatively, Kemper says that he would be willing to settle the case if defendants took certain actions. The court will treat Kemper's letter as a motion and address it below.

A. **Failure to receive exhaustion motion**

Defendants filed a certificate that the exhaustion motion and supporting materials were served on Kemper at WSPF by mail. Dkt. 29-1. Kemper says that he didn't receive those papers, but he acknowledges having received defendants' motions for extension of time to file the exhaustion motion. Kemper complains of other problems with receiving mail at WSPF, but the record shows that he has received court mail there. *See* Dkts. 4, 8, & 12. Similarly, Kemper must have received the clerk's notice scheduling briefing on defendant's exhaustion motion because he refers to the exhaustion motion in his letter but says that he didn't receive the motion itself. Kemper's allegations of mailing problems lack evidentiary support and are largely contradicted by the record. But, as a one-time courtesy, the court will order defendants to work with prison officials to ensure that Kemper promptly receives this order and the exhaustion motion and supporting documents. The court will also extend Kemper's deadline to respond to the exhaustion motion to January 23, 2026. Defendants' new reply deadline is January 30, 2026.

B. **Possession of Kemper's documents**

If defendants are in possession of documents that Kemper believes that he needs to proceed in this case, Kemper must serve defendants with discovery requests to obtain that information. Kemper should review the court's scheduling order, which provides information on how to use the discovery process to obtain evidence. *See* Dkt. 22 at 7–10. Kemper cannot ask the court to resolve a discovery dispute until he first makes a good faith effort to try to resolve the problem with defendants. If that fails, he may file a motion with the court, certifying he made the good faith effort. For these reasons, Kemper's request regarding a discovery order is denied.

**C. Request to stay the case**

The court does not generally stay cases so that a party can seek to obtain counsel. Litigating a case and seeking to obtain counsel are tasks that a party can complete at the same time. Also, whether a party will actually successfully recruit counsel is uncertain, and if the party eventually fails, this will have caused unnecessary delay. This request is denied.

**D. Request for help settling the case**

The court usually does not issue formal orders referring a case for mediation, especially when only one party expresses interest. Kemper is free to ask defendants if they would like to participate in mediation and, if all the parties agree, they can contact the clerk's office and request that Magistrate Judge Andrew Wiseman conduct a mediation. Kemper's request to order mediation is otherwise denied.

ORDER

IT IS ORDERED that:

1. Defendants must take immediate steps to work with prison officials to ensure that Kemper promptly receives this order and the exhaustion motion and supporting documents. Defendants must also file a short notice of completion of this task.

2. Plaintiff's deadline to respond to defendants' exhaustion motion is extended to January 23, 2026, and defendants' reply deadline is extended to January 30, 2026.

3. Plaintiff's letter-motion, Dkt. 33, is otherwise DENIED.

Entered December 31, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge